THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

UNITED STATES OF AMERICA,    )    Case No.  2:09CV00029 DS

               Plaintiff,    )

        vs.    )

                           )    MEMORANDUM DECISION

                           )    AND ORDER

$85,668.00 in Unites States    )
Currency,

               Defendant.    )

_____    )

ANDREW C. WILEY,    )

               Claimant.    )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

    This case arises in the context of a civil forfeiture action in rem brought by the Government pursuant to 18 U.S.C. § 881(a) to forfeit and condemn the use of $85,668.00 in United States Currency seized from a vehicle operated by Andrew C. Wiley on September 15, 2008, while he was traveling on Interstate 80 near Salt Lake City, Utah.  The  United States alleges that the currency is subject to forfeiture "because it was used to commit, facilitate, was involved in or was proceeds of the commission of violations of 21 U.S.C. §§ 841(a)(1) and 844(a)."  Compl. ¶ 5.

    Mr. Wiley "claims an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property." Verified Claim, Claimant's Ex. G;

See also Ex. A.  The Government has moved to strike (Doc. # 17) Wiley's claim asserting that he has failed to identify the specific property claimed and that he has failed to identify his interest in the property as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Standing in forfeiture cases has both constitutional and statutory aspects.  *See United States v. $148,840.00*, 521 F.3d 1268, 1273 & n.3 (10th Cir. 2008)(noting that Article III standing requires the existence of a case or controversy, whereas statutory standing requires procedural compliance).  A claimant may meet its burden of statutory standing by complying with the provisions of Supplemental Rule G(5), which in relevant part provides that "[t]he claim must: (A) identify the specific property claimed; [and] (B) identify the claimant and state the claimant's interest in the property".

The Court concludes that the Government has failed to establish that Wiley's claim is insufficient for purposes of its Motion to Strike based on statutory standing.  Mr. Wiley's verified claim, albeit brief and equivocal, nevertheless appears to minimally meet the requirements of Rule G(5).  It identifies the amount of currency in question, the Case No., and states that he "claims an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant

property."   The case authority cited by the Government, in the Court's view, does not support a conclusion to the contrary.

However, whether Mr. Wiley has constitutional standing is also a threshold jurisdictional question for which he bears the burden of proof at all stages of the case. *United States v. $148,840.00, 521 F. 3d* at 1273.   "At the pleading stage, a claimant satisfies this burden by alleging a sufficient interest in the seized property, such as an ownership interest, some type of lawful possessory interest, or a security interest....   Although, a claimant must make an initial evidentiary showing of such an interest, a claimant need not definitively prove the existence of that interest."   *Id.*

Mr. Wiley equivocally claims an ownership interest "and/or" a possessory interest.   The Tenth Circuit recognizes that "there is an important difference, for standing purposes, between one who claims to be the owner of property and one who claims to be a mere possessor of it.   *Id.* at 1274.   "The type of interest claimed dictates the type of evidence required to establish standing." Id.

As to a claim of ownership, the Tenth Circuit instructs:

As we view it, the government cannot prevent every person unwilling to completely explain his relationship to property that he claims to *own,* and that is found in his possession and control, from merely *contesting* a forfeiture of that property in court.   It may well be that forfeiture ultimately will prove appropriate, but we find it obvious that such a claimant risks injury within the meaning of Article III and thus may have his day in court.   We thus hold that when a claimant has asserted an ownership interest in the res at issue and has provided

3

some evidence tending to support the existence of that ownership interest, the claimant has standing to challenge the forfeiture.

Id. at 1276 (emphasis in original).

On the other hand "where an individual claims only a *possessory interest*, the courts have required the claimant to provide evidence tending to support the legitimacy of the *possessory interest* alleged before the claimant will be held to have standing. *Id.* Appropriate "evidence might include an explanation of the specific legal interest in the res (e.g., a bailment or agency interest) or an identification of its legal owner." *Id.* (emphasis in original).

Given Mr. Wiley's equivocal claim "that he is the owner of and/or has a possessory interest in" the currency, the Court is not satisfied that he has met his burden of establishing constitutional standing as to any ownership claim of the currency. *See United States v. $148,840.00*, 521 F. 3d at 1276-77 (claimant's unequivocal claim of ownership over seized currency, coupled with undisputed evidence that money was taken from his possession and control, was sufficient to confer constitutional standing); *see also United States v. $290,000 in U.S. Currency*, 249 Fed. Appx. 730, No. 06-3329, 2007 WL 2891070 (10th Cir. Oct. 3, 2007)(unpublished)(where "claimant alleged in writing 'an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property,' ... [but] refused to say at

4

her deposition whether she was the owner of the money ..., the district court correctly held that ownership could not form the basis for standing").

Likewise, without some explanation of his specific legal interest, the Court is not satisfied that Mr. Wiley has met his burden of constitutional standing as to any possessory claim of the currency. *See United States v. $148,840, 521 F.3d at 1277* n.4 (citing *United States v. $290,000 in U.S. Currency*, No. 06-3329, 2007 WL 2891070 (10th Cir. Oct. 3, 2007)(unpublished) (in explaining prior decision, court noted that "[a]bsent any affirmative evidentiary assertion of ownership, the claimant's case was based merely on her naked possession of the currency at issue, which, standing alone is insufficient to confer standing").

For the reasons stated, the Government's Motion to Strike (Doc. #17) based on statutory standing is denied.  However, because Mr. Wiley's constitutional standing is  a threshold jurisdictional issue that is in question, the Court on its own motion, directs that Claimant, within fifteen days of this Order, further substantiate his standing, if any he has, either by amending his Verified Claim or otherwise as appropriate in view of the Tenth Circuit case authority cited herein and the relevant rules of procedure.   Failure to timely and adequately respond will

result in dismissal of the claim to the subject currency. Claimant's request for sanctions is summarily denied.

It is so ordered.

DATED this 26th day of May, 2009.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT