THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

_____

| UNITED STATES OF AMERICA, | ) | Case No. 2:09CV00029 DS |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| | ) | AND ORDER |
| $85,688.00 in United Sates Currency, | ) | |
| Defendant, | ) | |
| _____ | ) | |
| ANDREW C. WILEY, | ) | |
| Claimant. | ) | |

_____

I. INTRODUCTION

The United States filed this forfeiture *in rem* action against currency found in a motor vehicle driven by Andrew C. Wiley after a traffic stop on September 15, 2008. Mr. Wiley has filed a claim for the currency.

Mr. Wiley seeks summary judgment (Doc. #51), which by Court order dated June 24, 2010, was limited to the legal issue of whether the probable cause provision of 19 U.S.C. § 1615 survived enactment of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified primarily at 18 U.S.C. § 983. *See* Mot. at ii ("[t]he specific basis for this motion is that, in order to institute the instant forfeiture action, Plaintiff is obliged to, but cannot, demonstrate that it had sufficient admissible evidence

amounting to probable cause for forfeiture at the time it filed its complaint for forfeiture").

Relying on *United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1308 (2009), Mr. Wiley urges that the probable cause requirement of 19 U.S.C. § 1615, is not inconsistent with CAFRA and is incorporated into present forfeiture law.  The United States asserts that § 1615 is not applicable to CAFRA, that it is inconsistent with CAFRA and that it has been superceded by CAFRA.  For the reasons that follow, the Court agrees with the position of the United States.

## II. DISCUSSION

### A. Probable Cause and the Passage of CAFRA.

Prior to enactment of CAFRA, the burden of proof in forfeiture cases was governed by 19 U.S.C. § 1615, which provides that "... the burden of proof shall lie upon [the] claimant... **[p]rovided, [t]hat probable cause shall be first shown for the institution of such suit** or action to be judged of by the court...."  19 U.S.C. § 1615 (emphasis added).  "As the forfeiture statues then stood, the initial burden in judicial forfeiture proceedings was placed on the government to establish probable cause for forfeiture; once this burden was met, however, the ultimate burden or proof lay with the claimant."  *United Stated v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 77 (2d Cir. 2002)(citing 19 U.S.C. § 1615

2

(2000)[as](superseded with respect to civil forfeitures by 18 U.S.C. § 983(c).

With its passage, CAFRA significantly amended civil forfeiture procedures for cases commenced on or after August 23, 2000. Today, the procedural requirements for a civil forfeiture action are governed by CAFRA and certain Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), to the extent applicable and not inconsistent with CAFRA. *See* 18 U.S.C. § 981(d)(emphasis added) ("the provisions of the customs laws [of title 19] relating to the seizure, summary and judicial forfeiture ... **insofar as they are applicable and not inconsistent with the provisions of this section, shall apply** to seizures and forfeitures incurred, or alleged to have been incurred, under this section").

Under CAFRA, the "burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture". 18 U.S.C. § 983(c). Rule G of the Supplemental Rules, adopted in 2006, governs the sufficiency of the complaint in a civil forfeiture action. *See* Supplemental Rule G(8)(b)(ii). Rule G provides that, "[t]he complaint must ... (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *Id*. at 2(f).

Neither 18 U.S.C. § 983(c)(1), nor Rule G, mention "probable cause" or that it must be established at the institution of the litigation.  The plain language of 19 U.S.C. § 1615, that "the burden of proof shall lie upon [the] claimant ...[*p]rovided*, [t]hat probable cause shall be first shown", reflects that a showing of probable cause is relevant, only if, it shifts the burden to the claimant.  Under current statutory procedures and rules, the Government retains the burden of proof and probable cause is irrelevant.

Significantly, CAFRA expressly states that "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property".  18 U.S.C. § 983(a)(3)(D). CAFRA also provides that  "the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture".  18 U.S.C. § 983(c)(2).  These provisions are inconsistent with the requirement of 19 U.S.C. § 1615 that the Government have probable cause for forfeiture before institution of the suit, and that statute has no application to current law governing civil forfeiture actions as noted above.

The Court, therefore, agrees with the United States, and other courts that have considered the issue, that CAFRA supercedes 18 U.S.C. § 983(C)(1).  *See e.g. United States v. Lopez-Burgos,* 435

F.3d 1, 2 (1st Cir. 2006)(concluding that because CAFRA states that "no civil forfeiture complaint may be dismissed because the government lacked sufficient evidence of forfeitability at the time of filing", and because it permits the government to "use evidence gathered after filing to meet its burden of proof*",* the pleading requirement of 19 U.S.C. § 1615 no longer applies); *United States v. Mondragon*, 313 F.3d 862, 865 (4th Cir. 2002)(noting that in light of CAFRA's change in the burden of proof, it would now be "awkward" to say the complaint must "allege facts sufficient to support a reasonable belief that the government can establish probable cause for forfeiture at trial" and concluding that the enactment of CAFRA superceded the probable cause pleading requirement of 19 U.S.C. § 1615); *United States v. $557,933.89*, *More or less, in U.S. Funds,* 287 F. 3d 66, 77 (2d Cir. 2002)(citing "19 U.S.C. § 1615(2000)([as having been] superseded with respect to civil forfeitures by 18 U.S.C. § 983(c)(2000)"); *United States v. $200,255.00 in U.S. Currency*, More or Less, No. 7:05cv27, 2006 WL 1687774 (M.D. Ga. June 16, 2006)(agreeing with the First Circuit in *Lopez-Burgos* that probable cause pleading requirement no longer applies); *United States v. $9,950.00 in U.S. Currency,* No. 07-2067, 2007 WL 3224535, at *4, (W.D. Ark. Oct. 29, 2007 (noting that CAFRA eliminated probable cause burden and "[a]t the time of filing, the Government's allegations must be sufficient to allow the Claimant to commence an investigation and frame a response); *United States*

5

*v. $22,173.00 in U.S. Currency,* ___F. Supp.2d ____, No. 08civ.1993, 2010 WL 1257601, at *3 (S.D. N.Y. March 31, 2010)(noting that CAFRA significantly altered the burden of proof and that "[i]t is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation"); *United States v. $40,000.00 in U.S. Currency,* No 1;09cv383, 2010 WL 2330353 (W.D. N.C. May 11, 2010)(accord), *Report and Recommendation Adopted*, 2010 WL 2330352 (W.D. N.C. June 7, 2010); and, *United States v. 4323 Bellwood Circle, Atlanta Ga. 30349,* 680 F. Supp.2d 1370, 1373 (N.D. Ga. 2010)(accord).

The Court is not persuaded by the analysis of the Ninth Circuit in *United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1308 (2009), and rejects Mr. Wiley's position based on the analysis of that case, that the probable cause requirement of 19 U.S.C. § 1615 remains viable for purposes of civil forfeitures after the passage of CAFRA.

### III. CONCLUSION

For the reasons stated, as well as generally for those set forth by the United States in its responsive pleading, Mr. Wiley's Motion for Summary Judgment (Doc. #51), so far as it relates to the legal issue, that the United States was required to have probable cause at the time the complaint was filed that the currency at issue was subject to forfeiture, is denied.

IT IS SO ORDERED.

DATED this 30th day of September, 2010.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT