THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

_____

| UNITED STATES OF AMERICA, | ) | Case No. 2:09CV00029 DS |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| | ) | AND ORDER |
| $85,688.00 in United Sates Currency, | ) | |
| Defendant, | ) | |
| _____ | ) | |
| ANDREW C. WILEY, | ) | |
| Claimant. | ) | |

_____

## I. INTRODUCTION

The United States filed this forfeiture *in rem* action against currency found in a motor vehicle driven by Andrew C. Wiley after a traffic stop on September 15, 2008. Mr. Wiley has filed a claim for the currency.

Mr. Wiley sought, but was denied, summary judgment which the Court limited to the legal issue of whether the probable cause provision of 19 U.S.C. § 1615 survived enactment of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified primarily at 18 U.S.C. § 983. The specific basis for Mr. Wiley's motion was that, in order to institute the instant forfeiture action, the United States is obliged to, but cannot, demonstrate that it had

sufficient admissible evidence amounting to probable cause for forfeiture at the time it filed its complaint for forfeiture.

Mr. Wiley now asks the Court to certify the Court's September 30, 2010, Memorandum Decision and Order for interlocutory appeal under 28 U.S.C. § 1292(b). Under that provision, a district judge may certify for appeal an otherwise unappealable order if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. at § 1292(b). As the United States notes, Section 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare. *Comacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004).

## II. DISCUSSION

### A. Controlling Question of Law

A question of law is controlling under § 1292 "if interlocutory reversal would terminate the action or at least conserve time for the lower court or time and expense for the parties." *Scoggin v. Weinman (In re Adam Aircraft Indus., Inc.)*, No. 09cv00728-CNA, 09cv00729, 2010 WL 717841, at * 3-4 (D. Colo Feb. 23, 2010). Mr. Wiley contends that a favorable determination for him "could terminate the entire action, and thereby conserve time for the lower court and time and expense for the parties". Mem. Supp. at 6.

However, the Court agrees with the assessment of United States, that regardless of the outcome of any appeal, the case will not be terminated, nor will significant time be saved.

> If the Tenth Circuit reverses the court's decision, the court and parties will then address whether the government had probable cause when the complaint was filed through pleadings and an evidentiary hearing. If the Tenth Circuit affirms the court's decision, the parties will litigate the issue of claimant's standing to challenge the forfeiture of the seized $85,668 and assuming claimant survives that challenge, conduct a trial on the merits of the case. Nothing the Tenth Circuit does will terminate the case or save time for the court or time and expense for the parties.

Mem. Opp'n at 4-5.

**B. Substantial Ground for Difference of Opinion**

Mr. Wiley argues that because this Court rejected the Ninth Circuit's position on the issue "for reasons not stated", Mem. Supp. at 9, and because "multiple courts in the Ninth Circuit have addressed the issue and come to Mr. Wiley's argued-for position", *id.*, there is substantial ground for difference of opinion.

The Court takes exception to Mr. Wiley's characterization of its Memorandum Decision and Order, as not stating reasons for the Court's decision, and directs Mr. Wiley and his counsel to pp. 2-4 of the Court's Decision. In addition, because courts in the Ninth Circuit are obliged to follow precedent, the Court agrees with the United States that "Claimant grossly overstates the level of controversy in the case law and the number of cases that have even addressed the 1615 probable cause issue." Opp'n at 5.

### C. Materially Advance the Ultimate Termination of the Litigation.

The Court, as noted earlier, agrees with the United States that an interlocutory appeal will not materially advance the ultimate termination of the litigation.

> If leave for an interlocutory appeal is granted, the parties will have to spend the time and money litigating the appeal. Regardless of what the Tenth Circuit decides, it will not result in a termination of the litigation, but will result in the parties returning to this court to continue to litigate the case, whether on the issue of probable cause - the second part of Claimant's motion for summary judgment - or forfeitability of the seized money.

Opp'n at 6-7.

### III. CONCLUSION

Because Mr. Wiley has not met the conditions of 28 U.S.C. § 1292(b), his Motion for Interlocutory Appeal (Doc. #64) is denied.

IT IS SO ORDERED.

Dated this 18th day of November, 2010.

BY THE COURT:

*[signature: David Sam]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT