THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

```
UNITED STATES OF AMERICA,       )    Case No.  2:09CV00029 DS
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )       MEMORANDUM DECISION
                                )           AND ORDER
$85,668.00 in Unites States     )
Currency,                       )
                                )
          Defendant.            )
_____ )
                                )
ANDREW C. WILEY,                )
                                )
          Claimant.             )
                                )
```

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Court having considered Claimant's Motion to Reconsider Denial of his earlier Motion to Suppress (Doc. #77) , summarily denies the same. Claimant offers nothing new in law or fact that would alter the Court's prior decision.

Claimant's reliance on *United States v. Trestyn*, ____ F.3d_____, Nos. 10-8029, 10-8046, 2011 WL 1783008 (10th Cir. May 11, 2011), is misplaced in that *Trestyn* is easily distinguishable from the present situation. The Trooper in Trysten, initiated the traffic stop solely for the purpose of determining whether the vehicle violated Wyoming law regarding display of either registration numbers or license plates. The officer's observations after the stop revealed that there was no license

tag violation, and the purpose of the stop was satisfied.

Here, on the other hand, the trooper had a different purpose in stopping Claimant's vehicle.  The United States summarizes the reason Claimant's vehicle was stopped.

> Whether Claimant's license plate had a proper registration sticker on it was not the reason Trooper Neff stopped Claimant.  Trooper Neff did not stop Claimant because he thought he did not see a registration tag on the plate of the truck or thought the registration tag looked suspicious, but because the plate did not come back on file through a computer check and this was confirmed by dispatch.
>
> ... While a registration sticker on a license plate may be prima facie evidence that the registration fee has been paid, it is no evidence that the license plate belongs to the vehicle to which it is attached.  In his testimony, the trooper stated that when a registration does not come back on file, there is a laundry list of things that potentially could be wrong with that.  He testified that the most common problem is that the license plate is from the previous owner or the vehicle being stolen or the vehicle is newly registered and the state has not filed it on its computer system.

Mem. Opp'n at 6-7.  *See also* March 25, 2010, Memorandum Decision and Order at 1-2, 7-8.

Under a fact situation  similar to this case, the district court in United States v. Esquivel-Rios, No. 10-40060-JAR, 2011 WL 1882452 (D. Kan.  May 17, 2011), reached a like conclusion with regard to Trestyn and similar cases.

> These cases, however, are readily distinguishable from this case.  In all three cases, the officer's observations after the stop revealed that there was no equipment or license tag violation.  Here, in contrast, Trooper Dean did not conduct the initial stop because he could not read or see the temporary tag, but because when he ran the tag through dispatch, it came back "no return."  That suggested to him that there was a

> possible violation because the license tag did not return as being registered, and provided reasonable suspicion to stop the vehicle and investigate whether it was properly registered.
> Courts repeatedly have found that officers have reasonable suspicion to stop a vehicle and check it for proper registration after a computer search showed the license tag was not on file.

Id. at *4 (citation omitted).

Because Claimant has failed to provide any new law or fact that would alter the Court's prior decision, his Motion to Reconsider (Doc. #77) is denied.

DATED this 20th day of July, 2011.

BY THE COURT:

*Daniel Sam*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT