THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:09CV00029 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| | ) | AND  ORDER |
| $85,668.00 in United Sates Currency, | ) | |
| Defendant, | ) | |
| | ) | |
| ANDREW C. WILEY, | ) | |
| Claimant. | ) | |

_____

## I.  INTRODUCTION

Claimant Andrew C. Wiley, pursuant to 28 U.S.C. § 2465(b)(1)(A), moves the
Court for an award of attorney fees and costs incurred in this civil forfeiture action.  The
United States concedes that Claimant substantially prevailed and is entitled to his
reasonable fees and costs, but takes issue with the reasonableness of the claimed fees
and the lack of documentary support for the claimed costs.  Mr. Wiley initially sought
$194,525.00 in fees for attorneys David Michael, Edward Burch and Rick Van
Wagoner, and $2,487.66 in costs.  The updated and revised fee amount now sought is
$224,048.25.

This case arose from a traffic stop on Interstate 80.  Claimant was pulled over by
a Utah Highway Patrol Trooper because there was no registration on file with law

enforcement for the Missouri license plate on Claimant's vehicle.  The stop resulted in a seizure of $85,668.   The United States filed a forfeiture action, alleging that the cash represented proceeds of drug trafficking.  Claimant Mr. Wiley filed a claim to the money.  Pretrial litigation ensued which included a government motion to strike Claimant's claim, Claimant's motion to suppress evidence, and Claimant's motion for summary judgment .   Ultimately, the government and Claimant stipulated to a conditional judgment of forfeiture preserving Claimant's right to appeal the denial of his motion to suppress.  Claimant appealed, and in a decision with each panel member writing separately, this Court was reversed and the matter remanded.  As a result, the government returned the money to Claimant and the action was dismissed.  This motion for fees and costs followed.

## II.  DISCUSSION

The Civil Asset Forfeiture Reform Act allows a claimant who "substantially prevails" in a civil forfeiture case to recover "reasonable attorney fees and other litigation costs reasonably incurred...." 28 U.S.C. § 2465(b)(1)(A).   "'A court will generally determine what fee is reasonable by first calculating the lodestar -the total number of hours reasonably expended multiplied by a reasonable hourly rate- and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome.'" *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012)(quoting *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)).

### A.  Reasonable Hourly Rate

In his initial fee request, Claimant requested fees for  Michael  billed at $575/hr.,

$600/hr. and $625/hr. for 2008-2010, 2011-2012, and 2013-2014 respectively. Claimant requested fees for Burch billed successively at $225/hr., $300/hr., and $325/hr. for the same time periods as Michael.  Claimant requested fees for Van Wagoner billed at $300/hr. for work performed in 2008 and 2009.  In his Reply, Claimant asserts that because of the delay in payment factor, counsel should be compensated at their current rate as to all hours billed during the course of the litigation.

"To determine what constitutes a reasonable rate, the district court considers the 'prevailing market rate in the relevant community.'" *Lippoldt  v. Cole*, 468 F.3d 1204, 1224 (10th Cir.2006)(quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)). "Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state attorney possess, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area."  *Id*. at 2225 (citations and internal quotations marks omitted).

### 1.  prevailing market rate in the relevant community

 The government contends that the rates charged by Michael and Burch are unreasonable for the Utah market, which it asserts is the relevant community.  It further asserts that the case did not present such exceptional circumstances that a local attorney could not have handled the matter.  On the other hand, Claimant's counsel assert that civil forfeiture is a specialized area of law and that no Utah counsel could have sufficiently provided the skills to handle the case.

The uncontroverted evidence of record suggests that civil forfeiture is a practice

3

specialty.  Attorney Eric Honig, a former federal civil forfeiture prosecutor, states:

> Representing clients in federal civil *in rem* forfeitures is an identifiable
> practice specialty.  Civil forfeitures are prosecuted by specialized
> departments of all federal law enforcement agencies and are prosecuted
> by special forfeiture sections of U.S. Attorney's offices across the country
> .... The creation of these special forfeiture units ... is strong evidence of
> the specialized nature of these cases.

Honig Decl. at ¶6.   Mr. Honig further states that he is "one of very few attorneys in the

country" that has successfully prevailed in a civil forfeiture action and thereby obtained

an attorney fee award against the government.  Id. at ¶10.  *See also* Smith Decl., ¶¶3-4

("Representing clients/claimants in federal civil *in rem* forfeiture actions is a highly

specialized practice area.  Such specialized knowledge and experience in this area is

rare.").   Claimant's local counsel, Mr. Van Wagoner, states that he refers cases to ,

Claimant's lead counsel Mr. Michael, Van Wagoner Decl. at ¶6, and Michael in turn

states that the "vast majority" of his civil forfeiture cases are referrals from criminal

defense attorneys from around the country.  Michael Decl. at ¶8.  Claimant has also

presented evidence which suggest that there are not any private Utah attorneys who

are specialist or expert in defending civil *in rem* forfeiture actions. *See* Smith Decl. at

¶5.  And Claimant's counsel asserts that research has revealed no case where a Utah

attorney prevailed in a civil forfeiture action.  The record also contains abundant

information as to the experience and expertise of Claimant's California counsel with civil

forfeiture matters.

Accordingly, the Court concludes, for purposes of Claimant's Motion for Attorney

Fees and Costs, that civil *in rem* forfeiture is a specialized practice area requiring

special skills and that when Claimant's California counsel were retained, no Utah

attorney with the requisite specialized skill was available.[1]   Therefore, the Court finds

the relevant community for purposes of determining a reasonable attorney rate to be

out of state/national experienced forfeiture attorneys, such as Claimant's California

counsel.    Based on the record the Court is persuaded that the rates claimed for work

performed by Michael and Burch are reasonable and in line with attorneys of similar

experience.   The rate claimed for work performed by Van Wagoner is not disputed,

and the Court finds that rate to be reasonable and in line with attorneys of similar

experience in Utah.

### B.  Reasonable Hours

The government also asserts, for a variety of reasons, that the total hours for

which Claimant's counsel seek to be paid should be reduced because it represents time

that cannot reasonably be charged in this case.  The Court addresses each of the

government's challenges in turn.

---

[1]The Court is not persuaded otherwise by the assertion of the government that
the underlying nature of the issues presented did not require expertise in forfeiture
practice.  As Claimant's counsel note, they

> successfully withstood a dispositve, <u>forfeiture specific</u>, government motion
> to strike, proceeded through full civil discovery including depositions and a
> motion to compel by the government, and that they litigated a <u>forfeiture
> specific</u> motion for summary judgment which, though denied, preserved
> an important issue for appeal that could have proven necessary to prevail.
> Perhaps most importantly here, there was no guarantee that upon
> prevailing on the suppression issue, that the government would not still
> attempt to pursue forfeiture on the merits.

Reply at 9 (emphasis in original).

### 1.  block billing

The government first contends that Claimant's counsel's block billing, which it claims makes it difficult to access reasonableness, warrants a ten percent reduction in the hours claimed for work performed by Michael and Burch.  *See* Opp'n at 11-12 (listing alleged examples of block billing).  After reviewing the billing entries, the Court is satisfied that the entries adequately describe the work for which time was billed and are sufficient to allow a determination of reasonableness.

### 2.  billings for related criminal case

Next, the government contends that $1,222.50 for 4.6 hours billed by Van Wagoner (and it appears an associate) in 2008, pertains to a related criminal case and is not recoverable.  See *United States v. Certain Real Property, Located at 317 Nick Fitchard Road*, N.W., Huntsville, AL, 579 F.3d 1315 (11th Cir. 2009) reversing award of attorney fees under § 2465 where fee was earned in obtaining acquittal in a related criminal case).  The Court agrees.  The sum of $1,222.50 is excluded from the total of fees claimed by Claimant for work performed by Van Wagoner.

### 3.  vague/indefinite billing entries

The government also challenges $1,620 (4.5 hr. x $360) for  October 2014 work billed by Van Wagoner because it does not appear on an invoice spent on the case, but only appears as a summary.  Claimant has supplied an invoice, and the Court finds the amount claimed reasonable.

### 4.  clerical tasks

The government challenges $10,268.75 in fees for work relating to resolving

6

video exhibit playback issues during appeal as being both exorbitant and as being part of attorney overhead which is not billable.  It seeks a 90 percent reduction in the amount claimed.  The government similarly challenges other entries amounting to $3,987.00, contending that the work billed involves clerical issues which is part of attorney overhead and not billable.  *See* Opp'n at 15-17 (listing challenged entries).

For the reasons stated by Claimant, the Court finds that time billed for resolving video exhibit issues and for such work as e-filing of documents and the drafting of required sections of legal documents is reasonable and no reduction is warranted.  *See* Reply at 19-20 & 22-23.

### 5.  excessive, redundant, & unnecessary entries

#### a.  discussions about attorney fees

The government urges that $2,356.25 in fees, billed by Michael and Burch in August 2013, should be deducted or reduced because activities related to a fee agreement are not billable tasks.  *See* Opp'n at 18-19 (listing challenged entries).

A review of the relevant entries reflects that at least part of the time billed by both Michael and Burch was devoted to the issue of appeal.  The Court finds 1 hour billed by Michael and 1 hour billed  by Burch reasonable in this regard.  The Court deducts $1406.25 (2.25 hr. x $625)  billed by Michael related to fee discussions as not reasonable.

#### b.  motion to suppress hours

The government contends that 93.25 total hours billed related to the 2009 motion to suppress is excessive and must be reduced.  *See* Opp'n at 19-20 (listing challenged

7

entries).  It also asserts that Michael's unproductive travel time to attend the motion hearing is unreasonable and should be excluded or reduced.

The challenged entries reflect that the claimed hours include time related to the research and writing of 2 briefs, analysis of the government's opposition brief, travel time between San Francisco and Salt Lake City, communications with the Claimant, plus other misc. related matters.  As Claimant's counsel suggest, of the hours claimed approximately 50 were devoted to briefing the motion to suppress and the reply brief. The Court agrees with Claimant that spending significant time on what ultimately was fatal to the government's forfeiture action was reasonable.  *See Moreno* v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker").

Regarding travel time, the entries reflect that at least some of the travel time was used to prepare for the evidentiary hearing, and therefore, can not properly be characterized as unproductive.  Claimant's counsel Mr. Michael states that it takes at most 6 hours round-trip to travel to Salt Lake City or Denver, and that he worked part of the airplane ride on each of his trips.  The Court concludes that a reduction of $1725.00 (3 hr. x $575), billed by Michael for travel related to the motion to suppress hearing, and which represents an estimate of his return travel to San Francisco, is warranted.

### c.  travel time for deposition and appellate argument

The government similarly contends that time billed by Michael for travel related to his attendance at a deposition in Salt Lake City on August 20-21, 2012, and for

appellate oral argument in Denver on January 18-21, 2014, should be eliminated or reduced as unproductive travel time.  *See* Opp'n at 22 (listing challenged entries).

As noted above, the entries reflect that at least some of the travel time billed included preparation time.  The Court believes a reduction of $1800.00 (3 hr. x $600) billed by Michael for travel to and from Salt Lake City to defend Claimant's deposition, and $1875.00 (3 hr. x $625)  billed for travel to and from Denver for appellate argument is warranted.

### d.  time drafting special interrogatories

The government also contends that 7 hours billed by Michael for drafting boilerplate responses to special interrogatories on April 23-24, 2009, is excessive given his experience.  The Court believes a reduction of $1775 (3 x $575) is warranted.

### e.  appellate decision review

Finally, the government urges that 3.25 hours billed by Burch related to reviewing and discussing the 10th Circuit Order/Judgment should be reduced or eliminated.  The Court disagrees for essentially the same reasons set for by Claimant.  *See* Reply at 25-26.

### C.  Lodestar Adjustment

Both the government and Claimant urge that the Court further adjust the lodestar amount.  *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)("there is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in

determining a reasonable fee").  Neither party has overcome the presumption of reasonableness of the lodestar amount and the Court declines to make any further adjustments.  The reasons for denying the government's request are set forth herein. The Court also denies Claimant's request that his counsel be billed at their current rate for all hours due to the delay in payment factor.  Claimant has cited no authority controlling on this Court for his request.  Undue delay, if any, cannot reasonably be attributed to the United States or the courts.  Additionally, when they agreed to represent him, Claimant's experienced counsel had to be aware of the pace at which civil litigation proceeds, as well as the possibility of protracted litigation including appeal.

### D.  Final Lodestar Amount

Based on the record and for the reasons stated, the Court finds that a reasonable attorney fee for each of Claimant's counsel is as follows:

**David Michael[2]**

| years | hours | rate | amount |
|---|---|---|---|
| 2008-2010 | 89.75 | $575 | $51,606.25 |
| 2011-2012 | 35.5 | $600 | $21,300.00 |
| 2013-2014 | 70.35 | $625 | $43,968.75 |
| | | | $116,875.00 |

**Edward Burch**

| years | hours | rate | amount |
|---|---|---|---|
| 2008-2010 | 107 | $225 | $24,075.00 |
| 2011-2012 | 41.5 | $300 | $12,450.00 |
| 2013-2014 | 113.70 | $325 | $36,952.50 |
| | | | $73,477.50 |

**R. Van Wagoner**

| years | hours | rate | amount |
|---|---|---|---|
| 2008-2009 | 12.75 | $300 | $3,825.00 |
| 2014 | 4.5 | $360 | $1,620.00 |
| | | | $5,445.00 |

---

[2]Fees awarded to Mr. Michael reflect deductions of 6 hr. for 2008-2009, 3 hr. for 2011-2012, and 5.25 hr. for 2013-2014.

                                  **Total Fees**                            **$195,797.50**

**E.  Costs**

Finally, the government objects to Claimant's cost of $2,487.66 because he has failed to provide any receipts.  The government also complains that Claimant has not filed a bill of cost with the clerk as provided by Fed. R. Civ. P. 54 and DUCivR 54-2. Under 28 U.S.C. § 2465(b)(1)(A) Claimant clearly is entitled to litigation costs reasonably incurred.  Burch has declared under penalty of perjury as to the cost incurred.  The government has not otherwise disputed the reasonableness of the specific costs claimed and the Court deems then reasonable.   Van Wagoner, likewise, declares costs to Claimant of $3.60 for telephone charges.  That charge is not disputed and is deemed reasonable.  Accordingly, litigation costs reasonably incurred **total $2491.26.**

### III.  CONCLUSION

For the reasons set forth above, Plaintiff United States shall pay Claimant's reasonable attorney fees in the amount of **$195,797.50** and costs in the amount of **$2491.26**.

       **IT IS SO ORDERED.**

              DATED this 4th  day of February, 2015.

                                         BY THE COURT:

                                         DAVID SAM
                                         SENIOR JUDGE
                                         UNITED STATES DISTRICT COURT